IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALITY INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:12-CV-734-WKW ) [WO] |
| BILLY JOE HANSON, *et al.*, | ) ) |
| Defendants. | ) |

## **ORDER**

Plaintiff Progressive Specialty Insurance Co.'s insured, Billy Hanson, suffered injuries in an automobile collision with an uninsured motorist. At the time of the accident, Mr. Hanson was insured under two policies of insurance issued by Progressive. Both policies provided uninsured motorist benefits and medical payments coverage, with total coverage in the amount of $54,500. Seeking to avoid potential inconsistent liabilities, Progressive filed this rule interpleader action in state court against various medical and healthcare providers who treated Mr. Hanson, as well as against Kathleen Sebelius, in her official capacity as the Secretary of the United States Department of Health and Human Services ("Secretary").

The Secretary removed this action. The removal was proper, pursuant to 28 U.S.C. § 1442(a)(1),[1] and Progressive did not file a motion to remand challenging the Secretary's removal. *See Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n.12 (2006) ("The federal officer removal statute [§ 1442(a)(1)] allows 'suits against federal officers [to] be removed despite the nonfederal cast of the complaint.'" (quoting *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999))). The Secretary contemporaneously filed a motion to dismiss for lack of subject matter jurisdiction on the basis of sovereign immunity, *see* Fed. R. Civ. P. 12(b)(1), arguing that Congress has not waived the Secretary's sovereign immunity in interpleader actions that effectively challenge the administration of the Medicare program. *See City of Jacksonville v. Dep't of Navy*, 348 F.3d 1307, 1310 (11th Cir. 2003) (explaining that

---

[1] In the Notice of Removal, the Secretary also asserted that because Progressive's action against the Secretary is an action "against a Federal entity [that] involves a Federal program" (*i.e.*, the Medicare program), "the district court would have original jurisdiction over this action." (Doc. # 1, at 2); *see* 28 U.S.C. § 1441(a) (original jurisdiction removal). The Secretary's assertion contains no elaboration or mention of seemingly relevant Eleventh Circuit precedent. *See Dial v. Healthspring of Ala., Inc.*, 541 F.3d 1044, 1047 (11th Cir. 2008) (holding that rather than conferring original jurisdiction on federal courts, the Medicare Act "'strips federal courts of primary federal-question subject matter jurisdiction' over claims that arise under that Act" (quoting *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 779 (11th Cir. 2002))). Because removal is proper under § 1442(a)(1), the court need not address the Secretary's argument that § 1441(a) provides an alternative ground for removal jurisdiction over Progressive's action against the Secretary. *See City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389 n.5 (6th Cir. 2007) (Section 1442(a)(1) "is broad and allows for removal when its elements are met 'regardless of whether the suit could originally have been brought in federal court.'" (quoting *Willingham v. Morgan*, 395 U.S. 402, 406 (1969))).

Congress amended § 1442 for the purpose of allowing a federal forum for sovereign immunity issues).

Progressive did not file a response to the Secretary's motion to dismiss, although it was given an opportunity to do so.  (*See* Order (Doc. # 8).)  For the reasons articulated in the Secretary's motion to dismiss and because Progressive has failed to plead a basis for a waiver of the Secretary's sovereign immunity in this interpleader action or otherwise demonstrate grounds for waiver, the Secretary's motion to dismiss is due to be granted.  *See generally Kentucky ex rel. United Pac. Ins. Co. v. Laurel Cnty.*, 805 F.2d 628, 636 (6th Cir. 1986) ("The United States may not be required to interplead when it has not waived its sovereign immunity." (citing 7C Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1721 (2d ed. 1986))).

This is not the end of the matter, as the issue remains of what to do with the remaining action now.  With the dismissal of the action against the removing federal officer, the grounds for retaining subject matter jurisdiction are unclear.  Rule interpleader, as is at issue here, requires an independent basis for subject matter jurisdiction. *See Perkins State Bank v. Connolly*, 632 F.2d 1306, 1310 n.3 (5th Cir. 1980) (Rule interpleader "may only be invoked where all jurisdictional requisites

otherwise are met." (citing Fed. R. Civ. P. 22))[2]; *see also* 14 Charles Alan Wright, Arthur Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3636 (3d ed. 1998) ("[I]nterpleader actions brought under state law in state courts and then removed to federal court must satisfy the requirements of rule interpleader . . . ." (citing Fed. R. Civ. P. 22)). Hence, in this removed rule interpleader action, original subject matter jurisdiction must rest either on the diversity statute, 28 U.S.C. § 1332(a), or the federal question statute, 28 U.S.C. § 1331. *See also* § 1441(a). Additionally, this jurisdictional inspection is confined temporally to the date of removal. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

With respect to § 1332(a)(1), there are insufficient allegations of diversity of citizenship between the stakeholder and the claimants. *See Ohio Nat'l Life Assur. Corp. v. Langkau ex rel. Estate of Langkau*, 353 F. App'x 244, 249 (11th Cir. 2009) ("Rule 22 requires complete diversity between the stakeholder and the claimants."). The parties consist of corporations, limited liability companies, and an individual (Mr. Hanson), yet the pleadings omit allegations of each corporation's principal place of business, *see* 28 U.S.C. § 1332(c)(1), and the citizenship of the members of the limited liability companies. *See Mallory & Evans Contractors & Eng'rs, LLC v.*

---

[2] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *See* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

*Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) ("[A] limited liability company, like a partnership, 'is a citizen of any state of which a member of the company is a citizen.'"). The pleadings also contain allegations only of Mr. Hanson's state of residence, not his state of citizenship. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."). It also appears dubious that more than $75,000 is in controversy, as the complaint's allegations aver that the policies at issue have a collective limit of liability of $54,500. *See* § 1332(a) (providing that diversity jurisdiction requires that the "matter in controversy exceed[ ] the sum or value of $75,000, exclusive of interest and costs").

With respect to § 1331, the complaint on its face does not raise a federal question against the remaining claimants. Indeed, "[a] federal question interpleader is a rarity." *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007).

If neither diversity jurisdiction nor federal question jurisdiction provided an independent basis for subject matter jurisdiction at the time of removal, then the question arises as to whether supplemental jurisdiction should be retained or whether this action should be remanded to state court. *See Nadler v. Mann*, 951 F.2d 301, 306 n.9 (11th Cir. 1992) (recognizing that the district court had discretion to remand a pendent state law claim removed under § 1442(a)(1)); *see also D.C. v. Merit Sys.*

*Prot. Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985) (Where the federal party is dismissed after a § 1442(a)(1) removal, "the district court retains the power either to adjudicate the underlying state law claims or to remand the case to state court."); *see generally Wyatt v. Mortg. Elec. Registration Sys., Inc.*, 501 F. Supp. 2d 1345, 1345–46 (M.D. Ala. 2007) (finding that in an action against a federal officer removed pursuant to § 1442(a)(1), supplemental jurisdiction existed "over the remaining defendants" pursuant to § 1367)). Clarification is needed as to whether an independent basis for original subject matter jurisdiction existed at the time of removal with respect to the interpleader action against the non-federal claimants or whether supplemental jurisdiction is the sole basis for retention of this interpleader action as it now stands without the Secretary. In the latter scenario, a further issue arises as to whether in its discretion, the court should accept or decline the exercise of supplemental jurisdiction over the non-federal defendants.

Based on the foregoing, it is ORDERED that the Secretary's Motion to Dismiss for Lack of Jurisdiction (Doc. # 3) is GRANTED. It is further ORDERED that on or before **December 11, 2012**, Plaintiff file a supplemental brief that addresses the jurisdictional concerns raised in this Order.

DONE this 28th day of November, 2012.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE